# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2995 | **DATE** | 5/10/2000 |
| **CASE TITLE** | DEBRA WOLINSKY vs. CITY OF CHICAGO, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Defendants' motion to dismiss portions of plaintiff's amended complaint [19-1] is granted in part and denied in part. Status hearing to set the discovery and trial schedule set for 5/23/00 at 9:15 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAY 1 2 2000 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| JHC | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

| | | |
|---|---|---|
| DEBRA WOLINSKY, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. No. 99 C 2995 |
| | § | |
| CITY OF CHICAGO, et al., | § | |
| Defendants. | § | |

O R D E R

Plaintiff has sued the City of Chicago and individual officers for (1) violating her Fourth Amendment rights to freedom from the use of excessive force by officers effecting an unreasonable arrest and seizure, (2) assault and battery, (3) intentional infliction of emotional distress, and (4) false arrest and imprisonment. The first cause of action arises under the Fourth Amendment, while the others are based on state law. Plaintiff also claims the use of excessive force was a violation of her due process rights under the Fourteenth Amendment. This case originated in Cook County Circuit Court, but was later removed to this Court.

The defendants have moved to dismiss the plaintiff's complaint. Specifically, they claim that the common law claims and the constitutional "practice or policy" claims should be dismissed as time-barred; and that the Fourth Amendment claim relating to "tight handcuffing" should be dismissed for failure to state a

1

claim.

## I. CONSTITUTIONAL CLAIMS

Plaintiff's constitutional claims are not barred by the statute of limitations because this lawsuit was filed 21 months after the alleged violation and, given the federal practice of applying the "most analogous state statute of limitations to claims" made under 42 U.S.C. § 1983, Wilson v. Garcia, 471 U.S. 261, 266-68 (1989), which in this case is that for personal injuries, the plaintiff had two years to file. Palmer v. Board of Education, 46 F.3d 682 (7th Cir. 1995).

The claim is basically that the use of excessive force caused Wolinsky injury and endangered her life due to a pre-existing heart condition. She claims her arrest was unreasonable by virtue of the fact that the handcuffs were put on too tight and, when she requested they be loosened, the arresting officers cajoled and mocked her. They also refused to let her have her medication, which was in her purse. Complaint, ¶ 13.

### A. Due Process Claim

First, the defendants correctly point out that no independent Fourteenth Amendment due process claim exists in this circumstance. All of the events leading up to plaintiff's claim stem from the alleged use of excessive force and unreasonable seizure, which are

2

prohibited by the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 395 (1989) ("all claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach"); Pleasant v. Zamieski, 895 F.2d 272, 276, n.2 (6th Cir.), cert. denied, 498 U.S. 851 (1990) (noting that the Supreme Court's holding in Graham v. Connor "preserve[s] Fourteenth Amendment substantive due process analysis for those instances in which a free citizen is denied his or her constitutional right to life through means other than a law enforcement official's arrest, investigatory stop or other seizure"); accord Lester v. City of Chicago, 830 F.2d 706 (7th Cir. 1987) (in reversing unreasonable force arrest claim where jury instruction included Fourteenth Amendment "shocks the conscience" standard, held that Fourth Amendment reasonableness standard applies to cases involving unreasonable use of force to effect an arrest); Wozniak v. Cavender, 1993 WL 339106, *5 (N.D.Ill.) (Kocoras, J.)

The extent of the involvement of the Fourteenth Amendment in this case is that it is the jurisprudential vessel by which the protections of the Fourth Amendment are applicable to the States.

No Fourteenth Amendment claim standing alone is to be found under the facts of this case.

**B. § 1983 "Custom or Policy" Requirement**

The § 1983 "policy" claims are improperly pled; they allege nothing other than unconstitutional conduct in the plaintiff's particular case, and cannot therefore be construed as violation of a "policy" promulgated by the City. Plaintiff's complaint alleges is paragraphs 10 and 12 as follows:

10. Chicago police officers are trained to use handcuffs, which training is inadequate if it teaches officers to apply handcuffs so tightly that severe injury results. The training is also inadequate if it teaches officers not to loosen handcuffs after repeated complaints by an arrestee that the handcuffs are too tight.
...
12. Chicago police officers are trained how to treat citizens handcuffed and under arrest, which training is inadequate if it teaches officers to physically seize, abuse and assault an arrestee so that injury results.

However, these paragraphs do not allege that the officers' training _is_ inadequate, but only indicates that _if_ the training is as indicated, it is inadequate. The problem with this is, as courts in this district in prior cases have held, the plaintiff must state that there _is_ such a forbidden policy in place; otherwise it's pure conjectural verbiage extrapolated from unconstitutional conduct in one case, which is inactionable as far as the City is concerned. See Monell v. Dept. of Soc. Serv. of City of New York, 436 U.S. 658

4

(1978) (a municipality may be held liable for the tortious acts of its employees *only* if those acts are carried out pursuant to a governmental policy or custom).

The liberal reading requirement for *pro se* litigants enunciated by the Supreme Court in Haines v. Kerner, 404 U.S. 519, does not apply in this instance because plaintiff is being represented by counsel. Therefore, the Court dismisses this cause of action against the City because the plaintiff has not properly pled that a custom or policy is in place that caused the officers to violate her civil rights.

Moreover, the Court disagrees that the use of handcuffs in the course of an arrest can constitute a § 1983 claim, even if the handcuffs were too tight. The whole purpose of handcuffing is to prevent the handcuffed from using his or her hands in the course of escaping. (It also reduces the motivation to escape, since the person who applied the handcuffs is the only one who has the key to unlock them.) For this reason, they will seldom be comfortable to wear.

Having said that, the Court agrees with the plaintiff that, if the officers denied her the use of her prescription medicine, that conduct may have violated her constitutional rights. However, the aforementioned defective policy allegations do not claim that any

5

such policy of denying medication was in place.

## II. THE STATE LAW CAUSES OF ACTION

The government has moved that the Court dismiss plaintiff's last three causes of action, which are based on state tort law, pursuant to the Tort Immunity Act. The Act provides a one-year statute of limitations for commencing a claim against a municipality or its employees. 745 ILCS 10/8-101 provides: "No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." Although plaintiff is unquestionably in bad health, she has not alleged anything approaching "legal disability" that might toll the statute of limitations for equitable reasons.

Plaintiff claims that enforcement of the policies defined by the Americans with Disabilities Act requires tolling, but no case she has cited, and no case the Court could find, indicates that this can be done. If the A.D.A. did apply to curtail the operation of the statute of limitations on a case-by-case basis, the idea behind having an established limitations period — i.e., having a date certain by which a person must sue or lose the right to litigate — would be lost.

The Court relies on Chaney v. City of Chicago, 1996 WL 718519 (N.D.Ill. Dec. 12, 1996) (Coar, J.), in which a litigant was unable to invoke the equitable tolling doctrine despite the fact that he suffered from chronic fatigue syndrome. Judge Coar found mental incapacity "could be sufficient to toll the filing period, but only if the plaintiff was 'entirely incapable of bringing legal action' or discovering the vital information for the claim," citing Bernhart v. United States, 884 F.2d 295, 300 (7th Cir. 1989). Otherwise stated in the Chaney opinion, "[m]ental illness tolls a statute of limitations only if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them."

There are two elements to this claim: (1) that the plaintiff's physical or mental condition prevented her from filing during the specified period and (2) this condition existed for the majority of the period. While condition (2) is probably met in this instance, (1) is not.

These claims are therefore dismissed.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED** that the constitutional claims against the City are **DISMISSED**, as are the claims against all defendants related to plaintiff's being

7

handcuffed. Because the Court could not find any A.D.A. exception for the Illinois Tort Immunity Act statute of limitations, all common law causes of action are **DISMISSED** by reason of prescription.

DONE this 10TH day of MAY, 2000, in Chicago, Illinois.

_____
William J. Hibbler
UNITED STATES DISTRICT JUDGE